### In re Melissa N. JOYNER, Debtor.

### STEVENS INSTITUTE OF TECHNOLOGY, Plaintiff,

v.

### Melissa N. JOYNER, Defendant.

#### Bankruptcy No. 94–11797DAS.
#### Adv. No. 94–0481DAS.

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 10, 1994.

For subsequent case see 171 B.R. 762.

Allan K. Marshall, Philadelphia, PA, for debtor.

Kenneth F. Carobus, Philadelphia, PA, for Stevens Institute of Technology.

Ronnie Schwartz Albright, Trustee, Philadelphia, PA.

Frederic Baker, Ass't. U.S. Trustee, Philadelphia, PA.

*PARTIAL ADJUDICATION*

DAVID A. SCHOLL, Chief Judge.

*A. FINDINGS OF FACT*

1. MELISSA N. JOYNER ("the Debtor") filed a Chapter 7 bankruptcy case on March 31, 1994.

2. On June 15, 1994, STEVENS INSTITUTE OF TECHNOLOGY ("Stevens") filed the instant adversarial proceeding seeking to obtain a determination that an alleged indebtedness to it of $10,456.24 was nondischargeable pursuant to 11 U.S.C. § 523(a)(8).

3. On August 3, 1994, after denial of the Debtor's Motion to Dismiss, the Debtor filed an Answer and Counterclaims seeking a determination that any indebtedness was dischargeable and that a transcript of her grades should be released to her by Stevens.

4. The proceeding was tried, as scheduled, on August 9, 1994.

5. It was established at trial that the Debtor is a healthy, articulate young woman with no dependents nor any physical or mental impairments who resides with her mother and younger brother in her mother's home in the City of Philadelphia. She presently earns about $100 net income weekly as a floor supervisor at a retail men's clothing store and attends college part-time. She has applied for admission to Drexel University ("Drexel") to resume her studies to become a chemical engineer, commenced at Stevens in 1990 and continued there for two and a half years of a five-year program until she left due to an inability of her and her family to continue to pay the tuition at Stevens.

6. Stevens is a nonprofit institution, as established by its federal tax-exempt status.

7. The tuition and room and board at Stevens, as of 1992, was $16,778.84 per semester, $2,670 of which is attributable to room and board. The balance presently owed by the Debtor is $10,145.74, per Stevens' statements. The parties agree that the sum due for room and board can be allocated proportionately to the remaining balance due, which results in our calculation that about $1,650 of the indebtedness is attributable to room and board.

8. The Debtor candidly testified that she could earn more at present if she worked full-time instead of pursuing her education and that she expects to earn over $50,000 annually when she becomes a chemical engineer, which she expects to occur in five or six years.

8. The Debtor also testified that, unless she has her transcripts from Stevens to Drexel by August 15, 1994, she will have to begin at Drexel as a first-year student instead of a second- or third-year student. The tuition at Drexel was estimated at $11,000 per year.

## B. CONCLUSIONS OF LAW

■ 1. Although the present net income of the Debtor is at or slightly below the poverty line for a single person, the Debtor's anticipated high educational achievements, her demonstrated intelligence, and her apparent employability in jobs in which she will earn well over poverty-line income establishes a "unique" or "extraordinary" circumstance which renders her ineligible for a discharge pursuant to 11 U.S.C. § 523(a)(8)(B). *See In re Bryant*, 72 B.R. 913, 919 (Bankr.E.D.Pa.1987).

2. The Debtor therefore is not entitled to a discharge of her student loan obligation in issue pursuant to 11 U.S.C. § 523(a)(8)(B).

3. The court is unable to determine the issue of whether the room and board owed to Stevens is a nondischargeable "obligation to repay funds received as an educational benefit, scholarship or stipend" without further research and consideration. The determination of the precise amount of the Debtor's obligation to Stevens will hence be deferred at this time.

■ 4. The determination of the Debtor's right to obtain a transcript of her academic record at Stevens cannot be deferred, but must be decided immediately if the Debtor is to be able to begin at Drexel beyond her first year in the forthcoming term. We will order that, upon the Debtor's payment of $300 to Stevens, it must release her transcript of grades received there to Drexel forthwith.

The various authorities concerning the right of an educational institution to withhold providing the transcript upon request of a student-debtor who is delinquent to that institution in tuition payments are discussed at length in *In re Najafi*, 154 B.R. 185, 191–95 (Bankr.E.D.Pa.1993). Therein, we concluded that the decision in *Johnson v. Edinboro State College*, 728 F.2d 163 (3d Cir.1984), while on its face applicable only to an 11 U.S.C. § 525(a) claim, precluded a Chapter 7 debtor whose student loan debt has not been declared dischargeable from obtaining a transcript on demand unless adequate protection for its "special interests" were paid to the institution of learning owed the claim. *But see, e.g., In re Merchant*, 958 F.2d 738, 741–42 (6th Cir.1992) (institution precluded from withholding transcript from a Chapter 7 debtor even though the student loan debt was declared nondischargeable).

In *Najafi*, we allowed the debtor to receive his transcript upon payment of $300 of a $750 total obligation found to be due to the institution. We are herein allowing the Debtor to procure a transcript for Drexel by payment of $300 also, even though the total obligation of the Debtor is much larger (over $10,000). We noted, in *Najafi*, that the adequacy of the $300 figure to cover administrative expenses and the fact that it was a substantial payment were both factors in setting the amount of the adequate protection payment there. 154 B.R. at 195.

However, several compelling factors present here cause us to utilize the $300 figure, despite that it is not a substantial satisfaction of the Debtor's total debt to Stevens. First is Stevens' concession that the $300 figure greatly exceeds its administrative expenses to produce a transcript, estimated to be $5.00. Second is the fact that the Debtor and her family, when they were financially able to do so, paid a considerable sum to Stevens on account of her education in her first and second years. It appears to us that withholding all of the Debtor's grade records, even for scholastic years for which the Debtor made full payment, is inequitable. Third is the Debtor's inability to pay more at this time. Her mother is presently unemployed. Her father, who is separated from his family and lives in Hawaii, is the only possible source of even the $300. Fourth is the fact

that the Debtor's prospects for earning sufficient funds to pay off her debt to Stevens completely within the next decade, assuming that she matriculates at Drexel, appear very high and are considerably enhanced by receipt of the transcript. The investment in the Debtor's accelerated educational progress through supplying her transcripts, which may save her over $20,000 in tuition at Drexel, seems to us to be worthwhile to Stevens. Finally, our Order is drafted narrowly to protect against abuse. The $300 payment will be deemed sufficient only to allow the Debtor to obtain her transcripts for enrollment at *Drexel.*

### C. ORDER

AND NOW, this 10th day of August, 1994, after trial of this proceeding on August 9, 1994, it is hereby ORDERED AND DECREED as follows:

1. Judgment is entered in favor of the Plaintiff, STEVENS INSTITUTE OF TECHNOLOGY ("Stevens"), and against the Defendant, MELISSA N. JOYNER ("Debtor"), in part.

2. The Debtor's indebtedness to Stevens is generally declared nondischargeable. However, the court reserves judgment as to whether the room and board portion of the indebtedness of approximately $1,650 is dischargeable.

3. Judgment is entered in part in favor of the Debtor and against Stevens on the Debtor's Counterclaim.

4. Stevens is directed to forthwith provide a transcript of the Debtor's academic record to Drexel University upon the Debtor's payment to it of $300.